RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JOANNE L. DIAMOND
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Joanne_Diamond@fd.org

Attorney for Dustin Michael Joseph

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DUSTIN MICHAEL JOSEPH,<br><br>　　　　Defendant. | Case No. 3:21-cr-00025-MMD-CSD<br><br>**Defendant's Sentencing Memorandum and Objections to the PSR**[1] |

Pursuant to a plea agreement, Dustin Michael Joseph pled guilty to one count of attempted coercion and enticement in violation of 18 U.S.C. § 2422(b). ECF No. 45 at ¶¶1-2. He respectfully moves the Court to follow the plea agreement and impose the jointly recommended sentence of 120 months, which is the statutory mandatory minimum sentence for this offense. *See id.* at ¶74. He asks the Court to follow his custodial sentence with 5 years of supervised release.

---

[1] This memorandum is timely filed.

I. **Sentencing Memorandum**

The PSR correctly reflects Mr. Joseph's total offense level as 25 and his criminal history category as V, producing a guideline range of 120-125 months. *See* ECF No. 40 at 22. The 120 months recommended by the parties is a low-end guidelines sentence.

A. **The agreed upon variance accounts for the sentencing factors in 18 U.S.C. § 3553(a).**

Mr. Joseph is a drug addict. He started using marijuana at the age of 16 and cocaine at 17. *See* ECF No. 45 at ¶61. When he was 21, Mr. Joseph fractured his spine and was left in chronic pain. *Id.* at ¶58. His doctor prescribed oxycodone, which he continued to use for the next 15 years. *Id.* at ¶61. He discovered meth while incarcerated at Ely State Prison in 2017. *Id.* at ¶62. He was using meth at the time of this offense. *Id.*

Mr. Joseph recognizes the negative impact drugs have had on his life and he's tried to get clean. *See id.* at ¶¶62-63. But the struggle is constant.



Exhibit A, Dustin Joseph Letter to the Court.

His mom, Deanne, also notes this struggle in her letter:

> The last time Dustin was released from prison, I believe he told me he was to be released into an in-house rehab center. But because it was during Covid he was sent to a halfway house in San Francisco, California. I truly believe when he has completed this sentence, he will benefit from being released into an in-house rehab center to receive the medical help that he desperately needs. He doesn't seem to get it right on his own without help.

Exhibit B, Deanne Joseph Support Letter. Mr. Joseph will spend at least the next decade of his life in prison. He asks the Court to recommend he be admitted to the RDAP program so he can start working on his sobriety before he is released. A 5-year term of supervised release is sufficient, but not greater than necessary, to ensure Mr. Joseph maintains his sobriety and avoids further criminal activity.

Finally, Mr. Joseph asks the Court not to impose an assessment under the Justice for Victims of Trafficking Act. *See* ECF No. 45 at 18, ¶82. The assessment is to be imposed on non-indigent individuals; Mr. Joseph is indigent. *See id.* at 17, ¶72.

## II.   Objections to the presentence report

### A.   Mr. Joseph objects to recommended special conditions one, ten, and eleven.

Recommended special conditions one, ten, and eleven are computer and electronic communications search, seizure, and monitoring conditions. *See* ECF No. 45 at 25-26. Mr. Joseph objects to these recommended conditions as vague and overbroad. First, all three incorporate by reference the all-encompassing definition of computers in 18 U.S.C. § 1030(e)(1). This definition of "computer" encompasses a plethora of modern electronic devices that have no reasonable relation to Mr. Joseph's underlying offense. *See United States v. Wells*, 29 F.4th 580, 588-90 (9th Cir. 2022). These conditions are not even limited to devices capable of accessing the internet. *Cf. Wells*. Even if limited to internet-capable devices, the conditions would still be vague and overbroad because many devices

can access the internet, such as a smart refrigerator or smart watch, but cannot access chat and messaging services. *See id.*

Second, the conditions reach beyond "computer" as defined in § 1030(e)(1) to include "other electronic communications or data storage devices or media." Thus, while § 1030(e)(1)'s computer definition "does not include an automated typewriter or typesetter, a portable handheld calculator, or other similar devices," the electronic communications/data storage condition might. To the extent the conditions may capture devices such as a calculator, the conditions are vague because a reasonable person cannot know what is included in the scope of the condition, and overbroad for involving a greater deprivation of liberty than reasonably necessary.

Third, the conditions' mandate that Mr. Joseph warn other others who use these devices that the devices may be subject to searches suffers from the same vagueness and overbreadth infirmities.

These conditions could readily be modified to encompass only devices which are (i) capable of accessing the internet *and* (ii) capable of engaging in online chats and messaging.

In addition, recommended special condition eleven significantly intrudes on Mr. Joseph's liberty interests by requiring him to submit to searches of his computers and other electronic devices without any suspicion. In response to Mr. Joseph's informal objection, the probation officer stated: "The general search and seizure condition is limited by the language, '[t]he probation officer may conduct a search under this condition only when reasonable suspicion exists . . . .' The probation office did not include a standalone computer search condition for this very reason." ECF No. 45 at 27. It sounds, then, as if the probation officer agrees

4

the search condition should include a reasonable suspicion limitation. But the plain language of condition eleven contains no reasonable suspicion requirement, providing simply: "To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring." ECF No. 45 at 26. Mr. Joseph asks the Court to order the probation officer to revise recommended special condition eleven to make clear his electronic devices can only be searched if reasonable suspicion exists that he has violated a condition of supervision and that the device to be searched contains evidence of the violation.

### B. Mr. Joseph objects to recommended special condition five.

Recommended special condition five would require Mr. Joseph to submit to periodic polygraph testing at the probation officer's discretion. *See* ECF No. 45 at 25. Polygraph examinations are inherently problematic: "there is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques." *United States v. Scheffer*, 523 U.S. 303, 309 (1998). Given the lack of adequate scientific data and consensus regarding polygraph accuracy, it is unclear how a polygraph would ensure compliance with supervision or treatment. Nor can polygraph testing serve as a deterrent, as arbitrarily "failing" a test may cause a supervision violation. As such, a procedure as unreliable as polygraph testing has no reasonable relationship to the goals of supervised release. Judge Traum has sustained a defendant's objection to probation's recommendation of polygraph testing for a defendant convicted of a sexual offense against a minor—

there, possession of child pornography. *See United States v. Ronald William Dougherty*, Case No. 2:22-cr-00264-ART-VCF (D. Nev. Jun. 27, 2023), ECF No. 40 (judgment of conviction). Mr. Joseph asks this Court to do the same.

### C. Mr. Joseph objects to recommended special conditions four and eight.

Recommended special condition four would require Mr. Joseph to participate in sex offender treatment and recommended special condition eight would prohibit him from viewing or possessing pornography if it would compromise that treatment. ECF No. 45 at 25-26. Mr. Joseph does not have a history of sexual offenses. This offense appears to have been influenced by his substance abuse, thus it is unclear that sex offender treatment is needed. Mr. Joseph is not opposed to receiving a sex offender evaluation to see if treatment is needed.

In case treatment is ultimately recommended, Mr. Joseph objects to the language that "the probation officer . . . will supervise . . . location, modality [and] intensity" of sex offender treatment. Any sex offender treatment condition should specify outpatient treatment only. *See United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022). The probation officer responded to Mr. Joseph's informal objection by stating "sex offender treatment is only offered in an outpatient capacity. No inpatient sex offender treatment is facilitated[.]" ECF No. 45 at 29. She did not, however, revise the PSR to clarify that Mr. Joseph should only receive outpatient sex offender treatment, thus the condition still violates *Nishida*. There may be no inpatient sex offender treatment offered in the District of Nevada in November 2023, but Mr. Joseph is facing at least a decade in custody. By the time of his release, inpatient sex offender treatment may be

available here. Or he may seek to have his supervision transferred to another district that offers inpatient treatment. Mr. Joseph asks the Court to order the probation officer to revise the sex offender treatment condition to make clear he should receive only outpatient services.

### D.  Mr. Joseph objects to recommended special conditions six and seven.

Mr. Joseph objects to recommended special conditions six and seven, which would restrict him from the presence of minors. *See* ECF No. 45 at 25. Mr. Joseph does not have a history of offenses against minors. This offense appears to have been influenced by his substance abuse. There is no indication that Mr. Joseph poses a danger to children under the age of 18 outside of the specific circumstances of this offense. These recommended special conditions involve a greater deprivation of liberty than is reasonably necessary for the relevant sentencing purposes listed at 18 U.S.C. § 3553(a)—notably they are not necessary to protect the public from further crimes by Mr. Joseph. *See* 18 U.S.C. § 3563(b).

### E.  Mr. Joseph objects to recommended special condition nine.

Mr. Joseph objects to recommended special condition nine, which would prohibit him from viewing or possessing pornography. *See* ECF No. 45 at 26. Mr. Joseph does not have a history of sexual offenses. This offense appears to have been influenced by his substance abuse, thus it is unclear that sex offender treatment is needed. We object to this condition unless and until, as a result of a sex offender evaluation, Mr. Joseph is placed in treatment and prohibited from viewing pornography as a condition of his treatment.

### III.  Conclusion

Mr. Joseph respectfully asks the Court to sentence him to 120 months followed by five years' supervised release.

Dated: November 20, 2023.

RENE L. VALLADARES
Federal Public Defender

By: */s/ Joanne L. Diamond*
JOANNE L. DIAMOND
Assistant Federal Public Defender
Attorney for Dustin Michael Joseph
